IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARCELORMITTAL USA LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  19 C 2451 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| GUARDSMARK, LLC and LEXINGTON | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Arcelormittal USA, LLC has sued defendants Guardsmark, LLC and Lexington Insurance Company, seeking a declaration that defendants have a duty to defend and indemnify plaintiff with respect to two underlying actions (the "Underlying Actions") pending in the Circuit Court of Cook, Illinois, both of which seek damages for negligence from plaintiff and Guardsmark as a result of the deaths of two boat passengers, who died after the boat they were riding in collided with a breakwall for plaintiff's facility in East Chicago, Indiana.   The Underlying Actions allege that plaintiff and Guardsmark were negligent in the maintenance of a red warning light on the breakwall, which was allegedly not functioning at the time of the accident.   The instant complaint contains five counts titled: (1) declaratory relief against Guardsmark for payment of plaintiff's defense costs; (2) declaratory relief against Lexington for payment of plaintiff's defense costs; (3) declaratory relief against Lexington—waiver of coverage defenses; (4) breach of contract against Guardsmark; and (5) breach of contract against Lexington.   Lexington has moved to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3),

based on an arbitration clause in the policy in question, which calls for arbitration in California. For the reasons that follow, the motion is granted.

## BACKGROUND

Plaintiff hired Guardsmark pursuant to a Term Services Agreement to provide security for its East Chicago, Indiana facility. One of the services Guardsmark was to provide was daily and nightly patrols of the property, including confirming that the navigational lights on the breakwall were functioning properly. The agreements between plaintiff and Guardsmark required Guardsmark to indemnify, defend and "save" harmless plaintiff for any claims based on Guardsmark's negligence.

Lexington issued the policies in question to USA GM Topco, LLC in Santa Ana, California. Guardsmark is a named insured under the policy. The policy provides coverage for bodily injury taking place anywhere within the United States of America, Puerto Rico, and Canada.

After the Underlying Actions were filed, plaintiff sent demand letters to Guardsmark and Lexington, seeking coverage an additional insured under the policy. Although not actually denying coverage, neither Guardsmark nor, in particular, Lexington has acknowledged any coverage obligations, leading to the instant action.

## DISCUSSION

Lexington has moved to dismiss the claims against it for improper venue, based on what it calls a broad arbitration clause in the policy requiring that any "disagreement as to the interpretation of the policy . . . shall be submitted to binding arbitration as the sole an exclusive remedy." The clause further provides that arbitration shall take place in or in the vicinity of

2

USA GM Topco.'s address in Santa Ana, California. Because the clause requires arbitration outside of the Northern District of Illinois, and because this court cannot compel arbitration outside the confines of this district, a motion to dismiss for improper venue, rather than a motion to stay or compel arbitration, is proper. Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare, Inc., 800 F.3d 853, 856 n.1 (7th Cir. 2015); Faulkenberg v. CB Tax Franchise Sys., L.P., 637 F.3d 801, 808 (7th Cir. 2011).

Plaintiff recognizes the existence and validity of the arbitration provision, but argues that it does not apply because the instant suit seeks payment and does not require interpretation of the policy. It relies on Section 14 of the policy, which provides that:

> In the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company, at the request of Insured, will submit to the jurisdiction of a court of competent jurisdiction within the United States.

Plaintiff characterizes its dispute with Lexington as "straight forward: Lexington has failed to pay a claim submitted by [plaintiff]." Plaintiff argues that Lexington has not identified any "disagreement as to the interpretation of the policy."

Plaintiff's position is creative, but wrong. The arbitration provision opens with "Notwithstanding the Service of Suit Condition above, in the event of a disagreement as to the interpretation of this policy . . .." In the instant case, there are a number of disputes requiring interpretation, not the least of which is whether plaintiff is an additional insured under the policy, as well as whether the $500,000 self insured retention must be exhausted prior to any potential obligations of Lexington. Indeed, plaintiff's position is belied by its own allegations. Paragraph 41 of the complaint alleges that "[a]n actual and justiciable controversy exists between [plaintiff] and Lexington concerning the proper construction of the Lexington Policy, and the

3

rights and obligations of the parties thereto, with respect to the Underlying Actions."
Consequently, despite plaintiff's creative attempts to argue otherwise, its dispute with Lexington requires interpretation of the policy and must be submitted to arbitration. Lexington's motion to dismiss [Doc. 18] is granted.

## CONCLUSION

For the reasons described above, Lexington's motion to dismiss without prejudice for lack of venue [Doc. 18] is granted. This matter remains set for a report on status on August 29, 2019.

**ENTER:**    **July 18, 2019**

_____
**Robert W. Gettleman**
**United States District Judge**

4